IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | CASE NUMBER 1:20-CR-00081-MAC |
| **v.** | § | |
| | § | |
| | § | |
| **JEFFREY SCOTT REESE** | § | |

## REPORT AND RECOMMENDATION ON
## THE DEFENDANT'S COMPETENCY AND SANITY

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On October 9, 2020, the Defendant, Jeffery Scott Reese's, counsel filed a Motion for Psychiatric or Psychological Examination to Determine Competency and Sanity of Defendant pursuant to Title 18 United States Code § 4241(a) and 4242, and the court granted that motion on October 9, 2020. (Doc. No. 13, 14.) Reese was subsequently evaluated by David Szyhowski, Psy.D., Licensed Psychologist at the Federal Correctional Institution in Chicago, Illinois.

Dr. Szyhowski concluded that Reese suffers from a severe delusional disorder that impairs his capacity to rationally appreciate the consequences of the criminal proceedings. Dr. Szyhowski recommended that Reese be committed to a course of psychiatric treatment to include a dedicated competency restoration program. Dr. Szyhowski deferred making a determination as to Reese's sanity at the time of the alleged offense until his mental status has improved to the extent it is appropriate for continuation of criminal proceedings.

A competency hearing was conducted on May 20, 2021. At the hearing, Reese appeared in court with his counsel, Gary Bonneaux. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal. The Government did not introduce additional evidence or testimony, but relied solely on the findings contained in the report  The undersigned allowed Reese, who has filed a number of *pro se* motions that remain pending (including a motion for new counsel (Doc. No. 46) and motion to suppress competence report (Doc. No. 51)), to present oral argument and evidence to support his claim that is competent to proceed. Reese argued that he has three experimental devices implanted on his skull that convert his brainwaves into transmittable signals and allow others to hear his thoughts. He expressed a desire for surgical verification of these devices, and introduced a number of exhibits, including, *inter alia,* an MRI report from Remi Nader, M.D., and copies of various research papers

The undersigned finds by a preponderance of the evidence that Reese is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and recommends that Reese be committed to the custody of the Attorney General for hospitalization for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, in accordance with 18 U.S.C. § 4241(d)(1). The director of the facility where Reese is hospitalized shall promptly file a certificate with the clerk of court when he/she determines that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, pursuant to 18 U.S.C. § 4241(e). Reese's

confinement and psychological treatment should continue at the Federal Detention Center in Chicago, Illinois, if possible. If District Judge Marcia Crone adopts this recommendation and extends Reese's confinement and medical treatment, the speedy trial time shall be excluded from October 9, 2020, until the date on which Judge Crone signs an order adopting the undersigned's final report and recommendation on the Reese's competency.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed **within seven (7) days** after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(b). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, **within seven (7)** days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of May, 2021.

_____
Zack Hawthorn
United States Magistrate Judge