## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:20-CR-00081-MAC** |
| **v.** § | |
| § | |
| § | |
| § | |
| **JEFFREY SCOTT REESE** § | |
| § | |

### REPORT AND RECOMMENDATION ON
### THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On October 9, 2020, the court granted Defendant, Jeffery Scott Reese's Motion for Psychiatric or Psychological Examination to Determine Competency and Sanity of Defendant pursuant to Title 18 United States Code § 4241(a) and 4242. (Doc. No. 13, 14.) Reese was subsequently evaluated by David Szyhowski, Psy.D., Licensed Psychologist at the Federal Correctional Institution in Chicago, Illinois.

Dr. Szyhowski concluded that Reese suffers from a severe delusional disorder that impairs his capacity to rationally appreciate the consequences of the criminal proceedings. Dr. Szyhowski recommended that Reese be committed to a course of psychiatric treatment to include a dedicated competency restoration program. Dr. Szyhowski deferred making a determination as to Reese's sanity at the time of the alleged offense until his mental status has improved to the extent it is appropriate for continuation of criminal proceedings.

A competency hearing was conducted on May 20, 2021. At the hearing, Reese appeared in court with his counsel, Gary Bonneaux. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal. The Government did not introduce additional evidence or testimony, but relied solely on the findings contained in the report  The undersigned allowed Reese to present oral argument and evidence to support his claim that is competent to proceed. Reese argued that he had three experimental devices implanted on his skull that convert his brainwaves into transmittable signals and allow others to hear his thoughts. He expressed a desire for surgical verification of these devices, and introduced a number of exhibits, including, *inter alia,* an MRI report from Remi Nader, M.D., and copies of various research papers

On May 21, 2021, the undersigned issued a Report and Recommendation that the court find by a preponderance of the evidence that Reese was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and recommended that Reese be committed to the custody of the Attorney General for hospitalization for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed, in accordance with 18 U.S.C. § 4241(d)(1). The Honorable United States District Court Judge Marcia Crone adopted the Report and Recommendation on June 1, 2021, and Reese was admitted to the Federal Medical Center in Springfield, Missouri on November 19, 2021 to undergo treatment for competency restoration pursuant to Title 18, United States Code § 4241(d).[1] (Doc. No. 58.)

---

[1] Reese's initial 120-day commitment period was extended an additional 120-days after the undersigned held an evidentiary hearing on May 25, 2022. (Doc. No. 84, 86.)

The court received the latest forensic report from Dr. Hampton dated July 29, 2022. Dr. Hampton concludes that, in her opinion, Reese's competency has been restored such that he is competent to proceed, subject to continued treatment with antipsychotic medication.

On September 27, 2022, a competency hearing was conducted. At the hearing, Reese appeared in court with his second appointed counsel, Gerry Montalvo.[2] Neither party objected to Dr. Hampton's opinion on Reese's competency or to the admissibility of the psychological report detailing the results and findings.

The undersigned concludes that Reese has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from October 9, 2020 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

---

[2] During his competency restoration treatment, Reese requested and was granted appointment of new counsel. On June 29, 2021, Gerry Montalvo replaced Gary Bonneaux as counsel. (Doc. No. 64.)

## OBJECTIONS

At the competency hearing, Reese's counsel verbally waived the fourteen-day objection period imposed by 28 U.S.C. § 636(b)(1)(c). Therefore, the District Court can rule on this Report and Recommendation immediately.

SIGNED this 30th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge